# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dental Implants & Biomaterials S.L., | Civ. Action No. 12-1158 PAM/AJB |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR DEFAULT AND SANCTIONS** |
| Keystone Dental, Inc., | |
| Defendant. | |

This matter came before the undersigned on October 10, 2013 on Defendant Keystone Dental, Inc.'s ("Keystone") Motion for Entry of Default and for Sanctions [Docket No. 94] against Plaintiff Dental Implants & Biomaterials S.L. ("DI&B"). No representatives of DI&B personally appeared at the hearing. Mark Schneebeck appeared on behalf of Keystone. This matter has been referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(a) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that default be entered against DI&B in an amount to be determined by the District Court. The Court further finds that attorney's fees should be awarded to Keystone in an amount to be determined by the District Court for DI&B's conduct in discovery.

## I. FINDINGS OF FACT

This dispute involves a commercial relationship between Keystone, a manufacturer of dental implants, and DI&B, which distributed Keystone's products in Spain and Portugal from 2008 until early 2012. [Docket 13, Counterclaim ¶¶ 2, 7-14.]

Keystone claims that DI&B purchased product from Keystone pursuant to the terms of an International Distribution Agreement. [*Id.* ¶ 7-14.] Under the parties' agreement, DI&B agreed to pay Keystone for product shipments within 90 days of invoice and also agreed to pay interest and collection costs (including attorney's fees) for late payments. [*Id.* ¶ 17.] The parties' agreement provided two pricing schedules, one for DI&B's largest customer, Adeslas, which allowed DI&B to purchase products from Keystone at lower prices, and another which required DI&B to purchase products from Keystone for its other customers at higher prices. [*Id.* ¶¶ 20-24.]

Keystone claims that DI&B owes Keystone $608,726.68, plus interest and attorney's fees, on unpaid invoices. [*Id.* ¶ 19.] Keystone further claims that DI&B has abused the Adeslas discount by buying products under that discount and selling such products to its other customers. [*Id.* ¶¶ 25-28.] Keystone demanded arbitration against DI&B on March 22, 2012 to pursue these claims. [Docket 1, Complaint ¶ 49.]

In response to Keystone's arbitration demand, DI&B commenced this action on May 14, 2012 seeking declaratory and injunctive relief to restrain Keystone from pursuing arbitration. [*Id.*] On June 5, 2012, Keystone served a Counterclaim against DI&B for its failure to pay for product and for its abuse of the Adeslas discount. [Docket No. 13.] On July 3, 2012, the District Court issued an order enjoining Keystone from proceeding with arbitration. [Docket No. 29, Order at 6.]

On October 16, 2012, DI&B moved to dismiss Keystone's counterclaims based on personal jurisdiction the doctrine of forum non conveniens. [Docket No. 33.] In opposing DI&B's motion, Keystone offered to voluntarily dismiss Counts III and IV of

2

its Counterclaim. [Docket No. 49 at 2, 4.] On January 9, 2013, the Court denied DI&B's motion to dismiss. [Docket No. 49.]

Following the denial of DI&B's motion to dismiss, Keystone and DI&B engaged in discovery regarding Counts I and II of Keystone's Counterclaim and DI&B's defenses. [*See* Docket No. 65.] The parties continued discussions relating to their Rule 26(f) Conference through January 2013 and began exchanging written discovery and documents between February and April 2013, during which period both parties requested the other to produce extensive documentation regarding the parties' four-year business relationship. [*Id.*] In order to protect confidential information disclosed during the course of discovery, the parties stipulated to the entry of a Protective Order, which was entered on April 29, 2013. [Dockets 50 & 51.] Following entry of the Protective Order, Keystone produced voluminous documents responsive to DI&B's document requests, much of which constituted or contained Keystone's confidential business information. [Docket 89.]

During April and May, the parties engaged in a number of meet-and-confer sessions regarding electronic and written discovery during which Keystone raised issues with respect to DI&B's search and production of emails and failure to disclose information regarding its defenses in response to written discovery. [Docket No. 65.] During these sessions, DI&B stated that it would both make efforts to search for and produce emails so that it could supplement its productions and supplement its answers to written discovery to disclose the factual bases of its defenses. [*Id.*]

By June it was apparent to Keystone that DI&B had not complied with the Federal Rules of Civil Procedure in responding to Keystone's discovery and Keystone brought a motion to compel on June 6, 2013. [Docket No. 62.] Keystone's motion sought an order requiring DI&B to conduct a reasonable search for documents, to answer interrogatories regarding its affirmative defenses, and to withdraw objections to producing entire categories of relevant documents regarding DI&B's use of the Adeslas discount. [*Id.*] On June 26, 2013, the Court issued an order that required DI&B to meet and confer with Keystone "to create an electronic discovery protocol, including a keyword/key term list and parameters for conducting a computer database document search," to disclose through interrogatory answers the factual bases underlying its asserted defenses, and that overruled DI&B's objections to producing documents regarding DI&B's use of the Adeslas discount. [Docket No. 72.] The Court's deadline for DI&B to provide and supplement discovery pursuant to its Order was August 1, 2013. [*Id.*]

On July 2, 2013, counsel for the parties conducted a meet-and-confer session regarding an electronic discovery protocol. [Docket No. 86.] Following the meet-and-confer session, counsel agreed to a protocol that included custodians, time frames, and search terms. [*Id.*] DI&B never raised any issues with respect to the negotiated protocol between July 2, 2013 and August 1, 2013. [*Id.*]

On August 1, 2013, DI&B's counsel filed a motion to withdraw without substitution. [Docket No. 76.] DI&B's counsel argued that it was required to withdraw without substitution based on the Minnesota Rules of Professional Conduct and sought leave to further explain its reasons for withdrawing during an *in camera* session with the

4

Court. [Docket No. 79.] In support of counsel's motion to withdraw, counsel filed a declaration from DI&B's president and chief financial officer consenting to counsel's withdrawal. [Docket No. 80.] DI&B's counsel also filed a declaration from DI&B's lead counsel in Spain stating that "DI&B does not recognize the jurisdiction of this court." [Docket No. 81.] On August 7, 2013, Keystone filed a motion for sanctions based on DI&B's failure to comply with the Court's discovery order. [Docket No. 83.]

After a hearing on August 21, 2013, which included an *in camera* session between DI&B's counsel and the Court, the Court granted DI&B's counsel's motion to withdraw. [Docket No. 92.] As part of that Order, in light of DI&B's statement that it did not recognize the jurisdiction of the Court, the Court ordered DI&B's former counsel to contact DI&B regarding its obligations under the Protective Order. [*Id.*] The Court also imposed a September 15, 2013 deadline for DI&B to retain new counsel and required DI&B's former counsel to inform DI&B regarding that deadline. [*Id.*] The Court continued Keystone's motion for sanctions until September 15, 2013. [*Id.*]

On September 12, 2013, DI&B's former counsel filed a declaration with the Court stating that counsel had advised DI&B of the repercussions of not obtaining substitute counsel by September 15, 2013," and "that DI&B does not intend to retain substitute counsel in this matter." [Docket No. 93.]

On September 18, 2013, Keystone filed a Motion for Entry of Default and for Sanctions and served DI&B with the motion at its office in Madrid, Spain and on its counsel in Madrid, Spain by Global International Mail, Priority Express International.

[Dockets 94, 96.] On October 9, 2013, the Court heard Keystone's motion; DI&B did not appear. [Docket No. 99.]

## II. CONCLUSIONS OF LAW

### A. ENTRY OF DEFAULT AGAINST DI&B IS WARRANTED PURSUANT TO 28 U.S.C. § 1654.

"[A] corporation or other artificial business entity cannot proceed *pro se* and may only appear through counsel." *Deluxe Small Bus. Sales, Inc. v. Findley*, Nos. 11-1449 & 11-1519, 2012 WL 2814371, at *3 (D. Minn. Jun. 20, 2012), report and recommendation adopted, 2012 WL 2814363 (D. Minn. 2012); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir.1993); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir.1983); *3M Co. v. Darlet–Marchante–Technologie SA*, No. 08–0827, 2010 WL 3733885, at *3 (D. Minn. Aug. 18, 2010). "Pursuant to 28 U.S.C. § 1654, a corporation is technically in default as of the date that counsel is permitted to withdraw without substitution." *See id.* (citing *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 990 (D. Minn. 1999)).

DI&B is organized as a Spanish limited liability company, [Docket No. 2], which is an artificial business entity under Spanish law. *See* Jose Maria Buxeda, *Company Law in Spain*, in *Company Law in Europe* M-2 (Richard Thomas ed. 2010). DI&B has been in default since August 21, 2013, the date the Court granted DI&B's motion to withdraw. [Docket No. 92.] The Court allowed DI&B until September 15, 2013 to obtain substitute counsel. [*Id.*] DI&B was informed of the consequences of not retaining substitute

6

counsel and elected not to do so. [Docket No. 93.] Accordingly, entry of default against DI&B for violation of 28 U.S.C. § 1654 is appropriate.

### B. ENTRY OF DEFAULT IS WARRANTED AGAINST DI&B AS A SANCTION FOR ITS DISCOVERY VIOLATIONS.

The Federal Rules of Civil Procedure provide that if a party fails to obey an order to provide or permit discovery, the court may issue sanctions, which include: directing facts be taken as established for purposes of the action; striking pleadings in whole or in part; dismissing the action in whole or in part; and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "To justify dismissal under Rule 37, there must be: (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Deluxe Small Bus. Sales, Inc.*, 2012 WL 2814371, at *4 (citing *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir.2009)). "A court's inherent authority . . . allows it to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). As long as the court "considers whether a lesser sanction is available or appropriate, it need not impose the least severe sanction." *Id.* (citing *Brennan v. Qwest Comm's Int'l, Inc.*, No. 07-2024, 2009 WL 1586721, at *7 (D. Minn. Jun. 4, 2009); *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000)).

DI&B has violated the Court's Order compelling discovery. [Docket No. 72.] The circumstances surrounding DI&B's violation, including its consent to its counsel's withdrawal without substitution, [Docket No. 80], its renunciation of this Courts'

jurisdiction, [Docket No. 81], and its informed refusal to retain substitute counsel, [Docket No. 93], demonstrate that this violation is willful.

DI&B's discovery violations have prejudiced Keystone. By not providing the discovery at issue, DI&B has shielded from discovery facts demonstrating that DI&B observed the terms of the International Distribution Agreement during all of its commercial dealings with Keystone, facts which could support Keystone's contention that the parties' implied contract allows it to recover interest and attorney's fees from DI&B for late payments. [Docket No. 13, Counterclaim ¶¶ 14, 38; Docket No. 9, Olson Aff. Ex. A § 4.6.] DI&B's discovery violations have also denied Keystone the opportunity to buttress its internal analysis showing that DI&B was abusing the Adeslas special discount with a full accounting from DI&B's internal records. (Docket No. 13, Counterclaim ¶¶ 20-29.)

DI&B's willful violations of the Court's discovery order justify a sanctions order directing that the facts pleaded in Keystone's Counterclaim be deemed established for purposes of the action, that DI&B's Answer to Counterclaim be stricken, and that a default judgment against DI&B is warranted. Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv). Keystone may establish the amount of the default judgment to the satisfaction of the District Court in subsequent proceedings pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## C. AN AWARD OF ATTORNEY'S FEES TO KEYSTONE IS WARRANTED AS A SANCTION FOR DI&B's DISCOVERY VIOLATIONS.

DI&B's actions have forced Keystone to bring a motion compel discovery, [Docket No. 62], a motion for sanctions, [Docket No. 83], and a motion for entry of default and for sanctions [Docket No. 94.]. Moreover, DI&B brought a motion to dismiss Keystone's counterclaims based on personal jurisdiction and forum non conveniens, [Docket No. 33], which did not succeed. [Docket No. 49.] After the District Court held that personal jurisdiction existed and that the doctrine of forum non conveniens did not require the dismissal of this action in favor of a Spanish forum, DI&B requested substantial discovery from Keystone and took other actions that drew out the discovery process. [Docket Nos. 65, 89.] When this Court ordered DI&B to play by the rules in discovery, [Docket No. 72], DI&B forced its counsel to withdraw, [Docket No. 76], and renounced this Court's jurisdiction. [Docket No. 81.]

Based on these circumstances, the Court concludes that DI&B requested discovery from Keystone for the improper purposes of harassing, causing unnecessary delay, and needlessly increasing the cost of litigation. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii). The Court further concludes that DI&B's discovery conduct was without substantial justification and that sanctions against DI&B are warranted. As a sanction for DI&B's vexatious conduct, an order is warranted requiring DI&B to pay all of Keystone's reasonable expenses, including attorney's fees, that Keystone incurred pursuing and responding to discovery in this case. *See* Fed. R. Civ. P. 26(g)(3). Keystone may

establish the amount of such expenses and attorney's fees to the satisfaction of the District Court in connection with a motion for default judgment under Rule 55(b).

## III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that:**

1. Keystone's Motion for Entry of Default and for Sanctions [Docket No. 94] be **GRANTED**.

2. Default should be entered against DI&B as follows:

   a. Dismissing DI&B's claims with prejudice;

   b. Entering judgment against DI&B and in favor of Keystone on Counts I and II of Keystone's Counterclaims in an amount of judgment that shall be determined by the District Court upon further submissions; and

   c. Dismissing Counts III and IV of Keystone's Counterclaims against DI&B without prejudice.

3. DI&B shall pay Keystone's reasonable expenses, including attorney's fees, incurred in connection with Keystone's motion to compel discovery [Docket No. 62], motion for sanctions [Docket No. 83], and motion for entry of default and for sanctions [Docket No. 94]. DI&B shall also pay Keystone's reasonable expenses, including attorney's fees, incurred in connection with pursuing and responding to discovery following the Court's denial of DI&B's motion to dismiss. Keystone may establish the

amount of such expenses and attorney's fees to the satisfaction of the District Court in connection with a motion for default judgment under Rule 55(b).

Dated: October 24, 2013            s/Arthur J. Boylan
                                   Arthur J. Boylan
                                   U.S. Chief Magistrate Judge

　　　　Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 8, 2013.

　　　　Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.